ROBERT H. SHERWOOD, Respondent, *v.* MAITLAND E. GRAVES, Appellant.

*Entire contract, recovery under, for services rendered — proof of full performance, waiver of defect, or fault of employer necessary.*

Where one person renders services to another in negotiating the purchase and acquisition of the securities of, and the liens upon, a bankrupt railroad, if the contract under which he acts is an entire one, the employee, in order to justify a recovery for the services rendered, must prove a full performance of the contract, or a waiver by the employer as to any deficiency, or that such deficiency was due to the fault of the employer.

APPEAL by the defendant, Maitland E. Graves, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Kings on the 19th day of January, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 19th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Frederic A. Ward*, for the appellant.

*Henry B. Twombly*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury. The action is to recover for services rendered by the plaintiff in procuring for the defendant the purchase and acquisition of the securities of and the liens upon a bankrupt railroad on Staten Island.

There is no question that the contract was an entire one, and that the plaintiff was bound to prove a full performance of the contract, or a waiver by the defendant as to any deficiency, or that such deficiency was due to the fault of the defendant. So the trial judge charged. It was not error to submit the question of the terms of the contract to the jury; at least by the submission no harm was done to the defendant. It may be conceded that the letters of February twenty-ninth constituted the original contract between the parties, and such contract being in writing was to be construed by the court and not by the jury. But this was not the contract under which the services were rendered. The defendant himself testifies that after the original proposition on the $65,000 basis (that is, the one contained in the letters) the plaintiff told him he could not get the road on that basis, and that then he told the plaintiff to go ahead and do the best he could. Thus there was a new contract between the parties resting in parol, and from that time it was not necessary that the plaintiff should obtain the securities of the road at a gross price of $65,000. It was sufficient that he should obtain them at a price satisfactory to the defendant. There was evidence showing that the defendant took up the great mass of these securities under negotiations made by the plaintiff with their holders. This was sufficient to show an acceptance by the defendant of the plaintiff's services and his approval of the price. The case was, therefore,

properly for the jury, and we find no error in the charge by which it was submitted to the jury.

The judgment and order denying motion for a new trial, appealed from, should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed with costs.